CASE *v.* BOWMAN.

1. TRIAL—REQUESTED INSTRUCTIONS.

There was no error committed in failure to give requested instructions upon matters not in dispute where said instructions were framed as though matters were in dispute.

2. CONTRACTS—FINDING OF JURY—EVIDENCE—ELECTRIC WIRING.

Determination of jury in favor of plaintiff was not against great weight of evidence in case where he claimed for labor and materials for installing electric wiring in defendant's service station and not under contract and specifications under which the work had been started where there was evidence in support of agreement to abandonment of contract.

3. DAMAGES—CONTRACTS—INSTRUCTIONS.

. Error, if any, in charging upon damages under defendant's claim was inconsequential where jury rejected his claim as to contract.

Appeal from Berrien; White (Charles E.), J. Submitted October 19, 1933. (Docket No. 143, Calendar No. 37,401.) Decided December 5, 1933.

Assumpsit by Harry E. Case against John E. Bowman for labor and materials used in building a service station. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Stuart B. White,* for plaintiff.

*Charles H. Kavanagh,* for defendant.

FEAD, J. Plaintiff had verdict and judgment for $560, for labor and materials in installing electric wiring in defendant's service station.

Defendant submitted specifications to plaintiff and the latter made a written proposal to do the job for $226.30. Defendant did not sign the proposal but directed plaintiff to commence work. It was undisputed that plaintiff began the work under the contract. The fact that the specifications were part of the contract was not denied. There was no error in the court's failing to give defendant's requests to charge upon such matters, framed as though they were in dispute.

Plaintiff claimed that shortly after he commenced work he and defendant agreed that the written contract and specifications should be discarded and the installation proceed without reference to them. His claim was supported by a witness. Defendant contended the written contract remained always in force. An issue for the jury was so presented and its determination in favor of plaintiff was not against the great weight of the evidence.

The court also submitted the measure of damages upon the respective theories of the parties and the amount found for plaintiff was well within the evidence. The errors, if any, in charging upon dam-

ages under defendant's claim of the contract were inconsequential because the jury rejected the claim.

There was no error in the admission of any testimony to which objection was seasonably made.

Judgment affirmed, with costs.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.